UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-04-550-3 |
| | § | CIVIL ACTION  NO. H-09-3172 |
| FRANCISCO TORRES, | § | |
| | § | |
| Defendant-Movant. | § | |

**MEMORANDUM AND RECOMMENDATION DENYING MOVANT'S
§ 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is the Government's Response (Document No. 334) to Movant Francisco Torres' § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 332).  Having considered Torres' Motion to Vacate, Set Aside or Correct Sentence, the Government's Response, the record of the proceedings in the underlying criminal case and on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Torres' § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED on the merits.

**I.        Procedural History**

Movant Francisco Torres ("Torres"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255.  This is Torres' first motion pursuant to § 2255.

On March 2, 2005, Torres was charged in a four count superseding indictment (Document No. 90) with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, 841(a)(1), 841 (b)(1)(A)(ii) (count one), two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(ii) (counts two and three), and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(I) (count four). Torres pled not guilty and proceeded to trial. On June 10, 2005, Torres was found guilty of all four counts alleged in the superseding Indictment. (Document No. 146). On December 20, 2005, following the preparation of a presentence investigation report, to which Torres filed Objections (Document No. 204), Torres was sentenced to 270 months confinement, to be followed by a five year term of supervised release, and a $1,500 fine. (Document No. 229). A Judgment of Conviction was entered on December 28, 2005. (Document No. 239).

Torres appealed to the Fifth Circuit Court of Appeals, which affirmed his conviction in an unpublished opinion on October 29, 2008. (Document Nos. 324 & 325). This § 2255 proceeding, filed on or about September 28, 2009, followed. (Document No. 332). The Government has filed a Response (Document No. 334), moving for dismissal, or in the alternative, summary judgment. This § 2255 proceeding is now ripe for ruling.

**II.   Claims**

Torres alleges as follows in his § 2255 motion:

Ground one: Conviction obtained by Illegal Search and seizure was denial of effective assistance of counsel. Petitioner was convicted by an illeagal [sic] entry to his home, not only did they go beyond the limits of a search of property but searched closed areas that do not conclude [sic] a sweep, once probable cause existed, a warrant was

2

what should had [sic] been acquired, as an expectation of privacy is a right not a privilege [and] entry cannot be authorized by 3rd party.

Ground two: Search warrant was obtained by fraudulent and misleading information, counsel['s] failure to object was denial of effective assist [sic] counsel. Petitioner claims that due to fraudulent misstatements of the government and or officers of this case, a warrant was issued, after not one but 3 illegal searches of his home before the warrant was issued for the 4[th] and final search of petitioner's home, no where in this case is there a mention of 3 prior illegal searches which will later [be] proven by written testimony.

Ground three: failing to properly file motion to suppress, without all facts given by petitioner was denial of effective assistance. Petitioner informed attorney that there had been various entry's [sic] to his house that were not legal, 3 in total, attorney lack of intrest [sic] to his client[']s information for his motion to suppress was non professional and a violation of a Sixth Amendment right to have an attorney.

Ground four: failure to file Interlocutory motion to denial of suppression motion was denial of effective assistance of counsel. Attorney[']s failure to file a[n] Interlocutory motion in petitioner's behalf with all the facts that one of the government[']s agencies had entered clients house 3 diffrent [sic] times and 3 diffrent [sic] days, before search warrant was obtained led to an illegal search and siezure [sic] that violates a 4th amendment right to privacy.

§ 2255 Motion (Document No. 332) at 4-5. From these allegations, it is construed that Torres is claiming that his trial counsel was ineffective in connection with the motion to suppress that he filed and pursued because he did not base the motion on the fact that the initial search of the residence went beyond a protective sweep, officers entered the house three times prior to obtaining a search warrant, and the search warrant was obtained with fraudulent and misleading information. Torres also claims that his trial counsel was ineffective for failing to seek an interlocutory appeal of the denial of the motion to suppress. The Government, in its Response to Torres' § 2255 motion, maintains that Torres' ineffectiveness claims all fail on the merits.

**III.     Discussion**

Claims of ineffective assistance of trial counsel are generally measured by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had. *Id*. at 687. Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id.* at 687-689. The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*), *cert. denied*, 509 U.S. 921 (1993). In order to overcome the presumption of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Under the prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient performance the result of his trial would have been different, "and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable." *Chavez*, 193 F.3d at 378. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

4

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel. The determination whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record. Each case is judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983), *cert. denied*, 467 U.S. 1220 (1984). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690-691. Counsel will not be judged ineffective only by hindsight.

"Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness", the petitioner must establish the deficiency and prejudice prongs set forth in *Strickland*, but "must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Counsel's failure to file, or pursue, a motion to suppress does not constitute *per se* ineffectiveness. *Id*. at 384. In addition, "[a]lthough a meritorious Fourth Amendment issue is necessary to the success of [an ineffectiveness] claim . . . a good Fourth Amendment claim alone will not earn a prisoner federal habeas relief. Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial without the challenged evidence." *Id.* at 382.

Each of Torres' ineffectiveness claims relate to the underlying premise that Torres was convicted with evidence obtained in an illegal search and seizure. Torres' trial counsel, Steve Baxley, raised a Fourth Amendment challenge to the search of Torres' home in a pretrial motion to suppress. In denying the motion, the District Court determined:

> The – with respect to Mr. Francisco Torres' Motion to Suppress and for Severance at Document No. 86, the argument is made that the Defendant Torres is the only one who had authority to consent to the inspection of the house. With respect to consent to search the – the Government has the burden of – – with respect to this matter and – – a third party consent, given the representations that have been made that the house was owned by Mr. Torres, may be valid, even without a mutual use of the property.
>
> In this instance Jair Ibarra had at least told or suggested or stated to Agent Conn as well as to – – separately to the deputy sheriff who had arrived from Fort Bend County that he was staying in the house, at least he conducted himself in such a way that both of these officers separately obtained that impression from him, even though – – even though he also had the room key to the Best Western, where there's also evidence that he and his brother were staying.
>
> In any event, Jair Ibarra, the Court finds, had the key to the house. And the key to the house, which is a stash house, is something that had been provided to him, certainly something that he had been – – obtained and carried along with his car keys. He was then seen coming and going into and out of this house earlier in the day; and it was to this house he returned after the drug transaction went down with Mr. Garza, which would – – rather than to return to the Best Western hotel. And so, the indications certainly were present that he was staying at the house or, if not, that he had certainly control of the house given the fact that he had a key to the house and, therefore, the ability to unlock the door and enter the house.
>
> A warrantless search is valid when law enforcement personnel rely on a person's apparent authority to consent to the search, if the reliance is in good faith and reasonably based on all facts known by the police at the time of the search. In this case the Court finds very clearly that the defendant, at least, had apparent authority to grant consent and that the authorities – – the police authorities were in good faith and that they did reasonably base that conclusion upon the facts that were known to them at the time of the search.
>
> And, accordingly, I find that the motion of Mr. Torres at Document No. 86 to suppress the search on the basis that consent could not be given – – could not be

> relied upon by Jair Ibarra, that motion is denied, as is the Motion for Severance which relies upon and depends upon that motion – – or that predicate.

Transcript of Motion Hearing (Document No. 256) at 283-84. Appellate counsel, David Adler, then appealed the denial of the motion to suppress. In rejecting the claim on appeal, the Fifth Circuit wrote:

> Francisco Torres appeals his convictions following a jury trial for conspiracy to possess and possession with intent to distribute 5 kilograms or more or cocaine, possession with intent to distribute 500 grams or more of cocaine, and conspiracy to launder monetary instruments involving proceeds from a specified unlawful activity. See 18 U.S.C. § 1956; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (B)(1)(b)(ii), 846. He argues that the District Court erred in denying his motion to suppress drugs and money seized from his residence because the initial search of his residence, based upon consent given to federal agents by a third party, was not valid, and because the subsequent search of his residence, based upon a warrant and information obtained from the initial search, was not valid.
>
> We "employ a two-tier standard of review in evaluating a district court's denial of a motion to suppress based on an evidentiary hearing." *United States v. Orozco*, 19 F.3d 578, 581 (5th Cir. 1999). "Although the district court's findings of fact are accepted unless clearly erroneous, its ultimate conclusion as to the constitutionality of the law enforcement action is reviewed de novo." *Id.* In reviewing a ruling on a motion to suppress, the evidence is viewed in the light most favorable to the party prevailing in the district court, considering the evidence offered at the suppression hearing as well as the evidence admitted at trial. *United States v. Gonzales*, 121 F.3d 928, 938 (5th Cir. 1997).
>
> Considering the evidence in the light most favorable to the Government, we conclude that there was no error, clear or otherwise, in the district court's finding that Jair Ibarra had apparent authority to grant consent to search Torres' residence and that the police authorities had a good faith reasonable belief that Ibarra had the authority to consent to the search. *See Gonzales*, 121 F.3d at 939. As there was no error in connection with the agents' initial search of Torres' residence, Torres' challenge to the subsequent search of his residence is without merit. The district court's judgment is AFFIRMED.

(Document No. 324) at 1-2. Now, in this § 2255 proceeding, Torres claims that his trial counsel was ineffective in connection with the motion to suppress and that counsel should have focused the

7

motion on the three illegal searches that were conducted prior to the agents obtaining a search warrant – not on the validity of the consent given by one of the co-conspirators.

Torres' unsupported and conclusory allegations that three warrantless searches of his residence were conducted, that the first warrantless search went well beyond a protective sweep, and that false and misleading information was presented in the application for a search warrant, are insufficient to warrant Torres any relief on his ineffectiveness claims. While Torres maintains that *three* warrantless searches of his residence were conducted, the only evidence in the record is that a protective sweep was done first, and was then followed by a full search, which yielded both cocaine and money. Both the protective sweep, as it is referred to by both sides, as well as the full search, occurred *only after* one of the co-conspirators, Jair Ibarra, consented to the search. *See* Transcript of Motion Hearing (Document No. 255) at 39-40, 89-90, 124-125, 152, 160. There is no evidence in the record that three warrantless searches of the residence were conducted. Moreover, there are no allegations by Torres, nor could there be given the consent to search given by Ibarra, that the protective sweep exceeded the scope allowed by law. Finally, Torres does not delineate what information in the search warrant application was false and/or misleading. Torres' conclusory claims of ineffective assistance of counsel cannot provide the basis for any relief. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (conclusory allegations of ineffective assistance of counsel are insufficient to warrant relief). Given such conclusory claims, Torres cannot meet the *Strickland* prejudice prong because he has not shown that "his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence". *Kimmelman*, 477 U.S. at 384.

As for Torres' claim that his trial counsel should have filed an interlocutory appeal of the denial of the motion to suppress, that claim fails due to the fact that an interlocutory appeal of a *denial* of a motion to suppress is not available. *United States v. Acosta*, 669 F.2d 292, 293 (5th Cir. 1982); *United States v. Rodriguez-Renteria*, 149 Fed. Appx. 324, 326, 2005 WL 2503845 (5th Cir. 2005).[1]

Here, the record of the suppression hearing clearly shows that Jair Ibarra, one of Torres' co-conspirators, was stopped outside of Torres' residence and consented to the search of the vehicle he was driving. Inside the vehicle, both money and cocaine were found. Thereafter, upon gaining the verbal and written consent of Jair Ibarra to search the residence, agents first conducted a protective sweep of the residence and then conducted a thorough search, which yielded additional money and cocaine. Following that consent search, a search warrant was obtained pursuant to which additional evidence was obtained. Given this evidence in the record as to Jair Ibarra's consent to the search of his vehicle and the residence, there is no reasonable likelihood that Torres' counsel could have prevailed on an argument that challenged the consensual protective sweep and the information used to obtain the subsequent search warrant. In addition, given the evidence in the record, there is no reasonable likelihood that counsel could have pursued an argument that *three* warrantless searches were made of the residence. In all, counsel's argument that Jair Ibarra's consent to search the residence was not valid was the best argument presented by the evidence for the suppression of the evidence found in the residence. The fact that counsel did not prevail on that argument does not

---

[1] Pursuant to 18 U.S.C. § 3731, the Government may file an interlocutory appeal of an order granting a motion to suppress.

constitute ineffectiveness within the meaning of *Strickland* or *Kimmelman*. Torres' ineffectiveness claims fail on the merits.

### IV.     Conclusion and Recommendation

Based on the foregoing and the conclusion that no relief is available to Movant Francisco Torres on the claims he raises in this § 2255 proceeding, the Magistrate Judge

RECOMMENDS that Movant Francisco Torres' § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 332) be DENIED, and that this § 2255 proceeding be DISMISSED on the merits.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 9th day of April, 2010.

Frances H. Stacy
United States Magistrate Judge