IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,           §
                                    §
        Plaintiff-Respondent,       §
                                    §
v.                                  §       CRIMINAL ACTION NO. 04-550-3
                                    §       CIVIL ACTION NO. H-09-3172
FRANCISCO TORRES,                   §
                                    §
        Defendant-Movant.           §

<u>ORDER ADOPTING RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Pending is the Government's Response (Document No. 334) to Movant Francisco Torres's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 332).  The Court has received from the Magistrate Judge a Memorandum and Recommendation signed April 9, 2010, recommending that Torres's Motion to Vacate, Set Aside or correct Sentence be DENIED.  Torres filed a document on June 9, 2010, asking for "a chance to file my objections," but stating no particular objection (Document No. 336).  Now, more than a month later, and three months after the deadline for filing any objections, Torres still has filed no specific objection.  The Court, after having made a *de novo* determination of the Government's Response, Torres's Motion to Vacate, Set Aside or Correct Sentence, the Magistrate Judge's Memorandum and Recommendation, and Torres's implied Objection, is of the opinion that the findings and recommendations of the Magistrate Judge are

correct and should be and hereby are accepted by the Court in their entirety.  Therefore, it is

ORDERED and ADJUDGED for the reasons set forth in the Memorandum and Recommendation of the United States Magistrate Judge signed and filed on April 9, 2010, which is adopted in its entirety as the opinion of the Court, that Movant Francisco Torres's Motion to Vacate, Set Aside or Correct Sentence (Document No. 332) is DENIED and DISMISSED WITH PREJUDICE.  It is further

ORDERED that a certificate of appealability is DENIED.  A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000) (internal quotations and citations omitted).  Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id. at 1604; Beasley v. Johnson, 2424 F.3d 248, 263 (5th Cir.) cert. denied, 122 S. Ct. 329 (2001).  When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604.  A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument.  <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Recommendation, which has been adopted as the opinion of the Court, reasonable jurists would not find debatable the Court's determination that no relief is available to Torres on the merits of his claims.  Thus, a certificate of appealability is DENIED.

The Clerk will enter this Order and send copies to all parties of record.

SIGNED at Houston, Texas, on this 26TH day of July, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

3